IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CATHERINE SCHIEL-LEODORO,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration<br><br>Defendant. | CV 14–276–M-DLC–JCL<br><br>ORDER |

On February 23, 2016, the Court entered an order reversing the Commissioner's decision denying Plaintiff Catherine Schiel-Leodoro's application for disability insurance benefits and supplemental security income benefits. (Doc. 28). This matter comes before the Court now on Plaintiff's application for an award of attorney's fees in the amount of $13,243.49 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). The $13,243.49 in attorney's fees sought represents a total of 69.6 hours of work performed at the hourly rate of $190.28.

1

The EAJA provides that a party who prevails in a civil action against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A presumption arises under the EAJA "that fees will be awarded to prevailing parties...." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The Commissioner thus bears the burden of proving that her position was substantially justified. *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994).

In determining whether the Commissioner's position was substantially justified, "the court should look to the government's decision to defend on appeal the procedural errors committed by the ALJ." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). *See also Flores*, 49 F.3d at 570 (the question is not whether the Commissioner's position on the ultimate question of disability was reasonable, but whether the Commissioner was substantially justified in her position with respect to the errors that led to remand).

The Commissioner does not dispute that Plaintiff is a prevailing party for purposes of an EAJA fee award. Nor does the Commissioner challenge the number of hours for which Plaintiff seeks to recover fees. The Commissioner instead argues in opposition to Plaitniff's fee request that the government's

position in this case was substantially justified. In doing so, the Commissioner essentially reiterates the argument already rejected by the Court on summary judgment. She maintains the ALJ was not required to specifically address the opinion of examining psychologist Dr. Theresa Reed, and any error on the ALJ's part in not doing so was harmless. The Court found to the contrary, and held the ALJ erred by not providing specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Reed's opinion.

This Court finds that the Commissioner has not satisfied her burden of proving that the government's decision to defend the ALJ's error was substantially justified. In addition, the Commissioner points to no other circumstances that would make an award of fees in this case unjust. Accordingly,

IT IS ORDERED that Plaintiff's motion for attorney fees in the amount of $13,243.49 is GRANTED.

IT IS FURTHER ORDERED that if, after receiving the Court's EAJA fee order, the Commissioner (1) determines upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, (2) agrees to waive the requirements of the Anti-Assignment Act, and (3) is provided a valid assignment of fees executed by Plaintiff, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under

3

the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff, but delivered to Plaintiff's attorney.

DATED this 8th day of June, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge