IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CATHERINE SCHIEL-LEODORO, | CV 14-276-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | |
| Defendant. | |

FILED

OCT 3 1 2016

Clerk, U.S District Court
District Of Montana
Missoula

Before the Court is Defendant Commissioner Carolyn Colvin's ("Commissioner") motion, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to amend or correct United States Magistrate Judge Jeremiah C. Lynch's order awarding Plaintiff Catherine Schiel-Leodoro ("Schiel-Leodoro") attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Commissioner contends that: (1) Judge Lynch lacked authority to award attorney's fees due to lack of consent from both parties, a prerequisite to exercise jurisdiction; (2) Schiel-Leodoro is not a "prevailing party" as required by statute due to a pending appeal; and (3) the Commissioner's position was substantially justified.

-1-

**BACKGROUND**

The factual and procedural history of this case will be recited only as relevant to explain the Court's reasoning. Schiel-Leodoro commenced this action on December 1, 2014. On December 11, 2014, the parties were provided notice of referral to a United States Magistrate Judge and advised of their right to consent to exercise of jurisdiction. The record indicates that at least one party withheld consent to the exercise of jurisdiction by a magistrate.[1]

Judge Lynch issued his findings and recommendation on January 29, 2016, recommending Schiel-Leodoro's motion for summary judgment be granted. On February 28, 2016, Schiel-Leodoro moved for attorney's fees pursuant to the EAJA. This Court adopted Judge Lynch's findings and recommendation in full, granting Schiel-Leodoro's motion for summary judgment, on February 23, 2016. Commissioner responded to Schiel-Leodoro's motion for attorney's fees on March 3, 2016, asserting that the motion was premature since no final judgment had been

---

[1] The Court recognizes that the confidentiality of consent forms is essential to protecting the voluntariness of the parties' consent. 28 U.S.C. § 636(c)(2); *Roell v. Withrow*, 538 U.S. 580, 586 (2003). This is reflected in the District of Montana's local rules, which mandate anonymity unless all parties consent. L.R. 73.1(a). Thus, the Court declines to investigate the actual contents of the December 2014 consent form noted in the record, and relies on this Court's previous order for the finding that consent was withheld or objected to by one or both parties. (Doc. 7 at 1.) The Court notes that the local rules also prohibit disclosure by either party regarding consent or lack thereof. L.R. 73.1(a). While Commissioner alleges that Schiel-Leodoro withheld consent (Doc. 42 at 2), the Court's resolution of the instant motion is not affected in any manner by the apparent identity of the non-consenting party, but instead is based only upon the determination that prior consent, explicit or inferred, did not exist.

issued. Judgment was subsequently entered on March 8, 2016.

On March 9, 2016, Judge Lynch ordered Commissioner to respond to Schiel-Leodoro's motion for attorney's fees on or before March 23, 2016. Commissioner timely responded, asserting that Schiel-Leodoro's request for attorney's fees was still premature because the appeals deadline had not yet run, but also responded on the merits in compliance with Judge Lynch's order. Schiel-Leodoro filed a reply on April 5, 2016, but did not address Commissioner's assertion of prematurity. On June 2, 2016, while her motion for attorney's fees was pending, Schiel-Leodoro appealed a portion of this Court's order granting summary judgment. Judge Lynch granted Schiel-Leodoro's motion for attorney's fees on June 8, 2016, and Commissioner filed the instant motion to strike Judge Lynch's order awarding attorney's fees on June 15, 2016.

## JURISDICTION

### I. Notice of Appeal

The procedural history surrounding the filing of Commissioner's motion presents the Court with two jurisdictional questions. First, "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). However, as an exception to the general rule, "[a] district court may, for example, retain jurisdiction to . . . clarify its judgment pursuant to Fed. R. Civ. P. 60(a),"

-3-

and to decide Rule 60(b) motions after an appeal is taken. *Id.* (citing *Huey v. Teledyne*, 608 F.2d 1234, 1237 (9th Cir. 1979), *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654–55 (9th Cir. 1991), and *Stone v. I.N.S.*, 514 U.S. 386, 401–02 (1995)). More specifically, "[t]he district court retain[s] the power to award attorneys' fees after the notice of appeal from the decision on the merits ha[s] been filed." *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). Plaintiff's notice of appeal did not concern attorney's fees, as they had not yet been awarded. Therefore, this Court retains jurisdiction under Rule 60(b) to review Judge Lynch's order granting attorney's fees even during the pendency of the appeal.

## II. Consent Authority of the United States Magistrate Judge

With the consent of both parties, a magistrate judge may "conduct any or all proceedings in a jury or nonjury civil matter" and "direct the entry of a judgment of the district court" appealable to the United States court of appeals. 28 U.S.C. § 636(c)(1), (3); *Roell v. Withrow*, 538 U.S. 580, 585 (2003); *see* Fed. R. Civ. P. 73(b). Absent consent, the magistrate judge may hear and determine any nondispositive pretrial matter, and may hear and submit to the district judge findings and recommendations for resolution of dispositive matters. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72.

Motions for attorney's fees have been likened to dispositive pretrial matters

by the Ninth Circuit and the Federal Rules of Civil Procedure. *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993); Fed. R. Civ. P. 54(d)(2)(D). Absent consent, attorney's fees motions heard by a magistrate judge are subject to de novo review by the district court. *See Bernardi v. Yeutter*, 951 F.2d 971, 973 (9th Cir. 1991). Conversely, consent of the parties confers the authority to a magistrate judge to issue a final order awarding attorney's fees, which is then directly appealable to the appropriate United States court of appeals. 28 U.S.C. § 636(c)(3).

While the court of appeals "ha[s] jurisdiction to determine whether [it] ha[s] jurisdiction," a dispositive order from a magistrate judge, absent consent, is lacking jurisdiction and is a legal nullity. *Allen v. Meyer*, 755 F.3d 866, 867, 868 (9th Cir. 2014) (citing *Reynaga v. Cammisa*, 971 F.2d 414, 417 (9th Cir. 1992)). Such an error can be cured by de novo review and entry of an order by the district court.[2] *Estate of Conners*, 6 F.3d at 659.

With regard to the form and timing of effective consent, the Montana District's local rule provides that, upon referral to a magistrate judge, parties are notified "that they may give or withhold consent," and served with a consent

---

[2] While *Estate of Conners* predated the Federal Court Improvements Act of 1996, which eliminated appeal to the district court of a magistrate judge's order in a § 636(c) case, the Ninth Circuit has subsequently cited this case for the proposition that § 636(b) cases do not give rise to a final order, and thus do not divest the district court of jurisdiction. *Durand v. Stonehouse Court Assocs., LLC*, 473 Fed. Appx. 667, 669 (9th Cir. 2012).

election form which must be returned within 17 days of service, or consent is deemed withheld. L.R. 73.1(c)–(d). The United States Supreme Court has also recognized effective inferred consent where parties voluntarily try a case before a magistrate judge and fail to object when that judge repeatedly indicates that he believes both parties have consented. *Roell*, 538 U.S. at 591. In such circumstances, inferred consent functions as a "waiver based on 'actions rather than words,'" *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948 (2015) (quoting *Roell,* 538 U.S. at 590), that prevents a party from belatedly asserting lack of consent to defeat an unfavorable verdict.

Outside of these "limited, exceptional circumstances," the Ninth Circuit maintains a general "stringent requirement" that litigants "clearly indicate their consent." *Anderson v. Woodcreek Venture, Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003). Thus, consent must be voluntarily given prior to judgment, and retroactive consent is not effective. *Hajek v. Burlington N. R.R. Co.*, 186 F.3d 1105, 1108 (9th Cir. 1999) (finding that express consent in appellate brief did not give rise to a final judgment appealable to the Ninth Circuit).

Here, notice was provided to the parties about the consent requirement, and at least one party withheld consent. (Docs. 6, 7.) Thus, this case proceeded under 28 U.S.C. § 636(b), and Judge Lynch issued findings and recommendations for review by this Court. (Doc. 26.) The record does not indicate that Judge Lynch

ever inferred consent from both parties. Although Schiel-Leodoro attempts to assert express consent in response to the instant motion, the Ninth Circuit was clear in *Hajek* that retroactive consent is ineffective. (Doc. 43 at 4.)

Absent consent, this case remains within the purview of 28 U.S.C. § 636(b). Under § 636(b)(1), a magistrate judge's post-judgment order is not a final order and is not directly appealable. *Durand v. Stonehouse Court Assocs., LLC*, 473 Fed. Appx. 667, 669 (9th Cir. 2012) (summarizing *Estate of Conners*, 6 F.3d at 658–659). Therefore, this Court is not divested of jurisdiction.

## LEGAL STANDARD

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment under a limited set of circumstances "to prevent manifest injustice." *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Alpine Land*, 984 F.2d at 1049. "Relief under Rule 60(b)(6) will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). The rule represents "an exception to finality," *Gonzalez*, 545 U.S. at 529, and "was not intended . . . to afford a substitute for appeal."

*Twentieth Century Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341–1342 (9th Cir. 1981) (quoting *Title v. United States*, 263 F.2d 28, 31 (9th Cir. 1959)).

## ANALYSIS

The Court notes that Commissioner failed to raise the issue of consent—to prevent an erroneous judgment—at any time before the filing of the instant motion. However, because Judge Lynch previously entered findings and recommendations which were reviewed by this Court at the summary judgment stage, the issue of consent was not foreseeable by Commissioner until the issuance of Judge Lynch's June 8, 2016 order. Thus, this Court will proceed to consider Commissioner's claims.[3]

### I. Timeliness

The EAJA provides a means by which "a prevailing party" can recoup attorney's fees incurred in a civil action against the United States. 28 U.S.C. § 2412(d)(1)(A)–(B). While "prevailing party" is not defined within the EAJA, it is "a term of art" which has been interpreted to mean "'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" *Klamath Siskiyou Wildlands Ctr. v. U.S. BLM*, 589 F.3d 1027, 1030 (9th Cir. 2009) (quoting *Citizens for Better Forestry v. U.S. Forest Serv.*, 567 F.3d 1128, 1131

---

[3] This Court also retains the authority to act *sua sponte* in any case referred to a magistrate judge, pursuant to Local Rule 72.2(c).

(9th Cir. 2009)). The statute further requires that the judgment be final, and defines "final judgment" as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G).

As explained by the Ninth Circuit, in the context of the EAJA, this means that "the filing period begins after the appeal period runs" or the appeal is completed. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 611–612 (9th Cir. 2007) (quoting *Adams v. SEC*, 287 F.3d 183, 191 (D.C. Cir. 2002)). This unique definition of final judgment stems from the concern that "applicants might be compelled to file multiple, costly fee applications or file applications prior to when the fees were fully ascertainable following the appellate proceedings." *Id.* at 606 (citing *McDonald v. Schweiker*, 726 F.2d 311, 314 (7th Cir. 1983)). Further, before the appellate deadline or resolution of an appeal, a district court's judgment is potentially "open to attack." *Id.* at 610 (quoting *Al-Haribi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002) (citations omitted)). Thus, a judgment is not final, and a party cannot be said to have prevailed, until "any possibility" of attack on a particular judgment is eliminated. *Id.* at 610.

Commissioner contends that Schiel-Leodoro was never a prevailing party because this Court's judgment never became final within the meaning of the EAJA. (Doc. 42 at 3.) Schiel-Leodoro's application for attorney's fees was initially filed on February 18, 2016, after Judge Lynch issued his findings and

recommendations. This was not a final judgment within the meaning of the EAJA because, lacking consent of the parties, Judge Lynch did not exercise case-dispositive authority, and the appeals deadline had not run. This prematurity was not cured by this Court's February 23, 2016 order, nor by the entry of judgment by the Clerk of Court on March 8, 2016, because the appeals deadline had not run. 28 U.S.C. § 2412(d)(2)(G). That deadline would have lapsed, and this Court's judgment would have become final within the meaning of the EAJA, on May 9, 2016, but for Judge Lynch's grant of an extension of time to appeal to June 3, 2016. (Doc. 36; *see* F. R. App. P. 4(B) (providing 60 days within which to file a notice of appeal when the government is a party)). Schiel-Leodoro then filed her notice of appeal on June 2, 2016, which tolled the finality of this Court's judgment for EAJA purposes pending the disposition of the appeal.

Schiel-Leodoro asserts that her appeal concerns only a narrow portion of this Court's order, and thus does not impact her status as a prevailing party. (Doc. 43 at 5.) The Court finds that, while apparently proceeding under a mistaken understanding regarding the definition of "final judgment," Schiel-Leodoro does appear to have understood that filing an appeal would impact her eligibility for an EAJA fee award, because she cited resolution of her motion for attorney's fees as a reason to extend the appeals deadline. (Doc. 36.) However, in light of the rationale behind the EAJA's unique final judgment requirement, the substance of

Schiel-Leodoro's appeal is immaterial. Judgment will be final, and attorney's fees fully ascertainable, upon completion of Schiel-Leodoro's appeal, at which time the EAJA application filing period will begin. *Hoa Hong Van*, 483 F.3d 600 at 606, 612.

Thus, because of the lack of consent to the exercise of jurisdiction by a magistrate judge and the prematurity of the EAJA application, Commissioner has demonstrated extraordinary circumstances beyond her control that provide grounds for relief from judgment under Rule 60(b)(6).

Accordingly, IT IS ORDERED that Commissioner's Motion to Amend or Correct the Judgment pursuant to Rule 60(b) (Doc. 42) is GRANTED.

IT IS FURTHER ORDERED that Judge Lynch's Order granting Schiel-Leodoro's Motion for Attorney's Fees (Doc. 41) is STRICKEN as premature. Schiel-Leodoro's Motion for Attorney's Fees (Doc. 27) is DENIED WITHOUT PREJUDICE. Schiel-Leodoro may resubmit her motion for attorney's fees upon completion of her appeal.

Dated this 31st day of October, 2016.

Dana L. Christensen, Chief Judge
United States District Court